## Calvin C. Burt v. Anson Olcott.

*Assignments of error.* Assignments of error must be specific.
*Evidence: Objection to question: Exception: Objections to the answer.* Where
a proper question has been allowed against objection, the exception to
this ruling will not support an assignment of error directed against the
effect of the answer as evidence in going beyond the scope of the ques-
tion, where no such objection was made, and no exception taken below
that would raise that point.

*Heard and decided January 5.*

Error to Jackson Circuit.

This was an action brought by Burt for services as an
attorney, commenced before a justice, and taken by appeal
to the circuit. The judgment below was in favor of de-
fendant, and the plaintiff brings error. The assignments
of error were several of them general, as (1) the court refused
proper and relevant evidence and testimony offered by the
plaintiff on the trial of said cause; and (2) the court ad-
mitted improper and irrelevant testimony produced by the
defendant and against the objections of the plaintiff; and
the like. Among other things, complaint is made that the
court erroneously admitted evidence of set-off, though no
notice of set-off was appended to the plea. The plain-
tiff having rested his case, defendant gave evidence tend-
ing to show that he employed plaintiff to try a suit for
him before a justice, for which plaintiff charged him
eight dollars, and that he paid him seven dollars at the
time. He was then asked whether he ever paid him any
more. Objection was made that no plea of payment
or set-off had been filed. This objection was overruled
and exception taken, and defendant answered that he drew
plaintiff some wood. He was asked how much, and the
same objection was made and overruled, but no exception
taken. The defendant answered that he drew him four
cords of wood, and testified without objection as to its value.

*Calvin C. Burt,* in person, for plaintiff in error.

*Johnson & Montgomery,* for defendant in error.

PER CURIAM:

1. Assignments of error in the general form of most of those in this case will not be considered.

2. The question put to defendant, whether he ever paid plaintiff any more, was not open to the complaint now made, that it tended to prove set-off; but it was a proper question to draw out evidence of payment, which may properly be shown under the general issue. If the answer as given tended to prove set-off rather than payment, that was not ground of objection to the question; and the exception to the ruling admitting the question will not support an assignment of error directed against the effect of the answer as evidence. The question being proper, the ruling admitting it was proper; and any objection to the answer as going beyond what the question called for, cannot be raised upon an exception to the correct ruling admitting the question; and, therefore, the real ground of complaint here sought to be urged is not supported by any exception.

Judgment affirmed.