## Amanda E. Wilson v. Orville W. Coolidge.

*Equity jurisdiction—Bill to set aside execution—Estoppel.*

A court of equity cannot examine errors in proceedings at law on objections that do not go to the jurisdiction.

A married woman was sued upon a promissory note which she had signed with her husband, and though personal service was made on her, she did not appear, but suffered judgment by default on which execution was levied. *Held* that as she neglected to make her defense at law and allowed the judgment to stand, she could not maintain a bill in equity to set aside the execution on the ground that she had signed as surety for her husband and the judgment was void as against her.

Appeal from Berrien. Submitted October 23. Decided October 30.

Bill to set aside an execution. Complainant appeals.

*Edward Bacon* for complainant. A bill in chancery lies to remove a cloud on title caused by a levy of execution, *Patterson v. Fish*, 35 Mich., 209; *Hill v. Bowman*, id., 191; *Brown v. Kemper*, 27 Md., 673; and when once the court of equity has acquired jurisdiction it will grant all proper relief, *Miller v. Stepper*, 32 Mich., 194; *Hawkins v. Clermont*, 15 Mich., 512.

*O. W. Coolidge* in person for defendant. Where a defendant has had opportunity to make a defense at law and has neglected to do so, a court of equity will not interfere to set aside the judgment (*Creath v. Sims*, 5 How., 192; *Lansing v. Eddy*, 1 Johns. Ch., 51; Freeman on Judgments, 485, 496) even though the defense would have been good at law, *New York Dry Dock Co. v. Amer. Ins. Co.*, 11 Paige, 384; *Mitchell v. Oakley*, 7 Paige, 68; the justice of the verdict will not be impeached unless on grounds of which he could not have availed himself on the trial, *Marine Ins. Co. v. Hodgson*, 7 Cr., 332; a married woman is estopped from denying or col-

laterally attacking a judgment which she has allowed to be taken against her, but which she could have avoided by pleading coverture, *Burk v. Hill*, 55 Ind., 419; *Rorabach v. Stebbins*, 3 Keyes, 62; *Genet v. Dusenbury*, 2 Duer, 679; *Quarles v. Waldron*, 20 Ala., 217; *Thomas v. Lowy*, 60 Ill., 512; *Van Metre v. Wolf*, 27 Ia., 344; *Spaulding v. Wathen*, 7 Bush, 659; *Gambette v. Brock*, 41 Cal., 83; Freeman on Judgments, 150.

GRAVES, J.   The object of this bill is to avoid a judgment entered upon a transcript from a justice of the peace, and to set aside the execution thereon, and a levy of the same on complainant's land.

The cause of action before the justice was a promissory note signed by complainant and Nathaniel Wilson and William Parton as co-makers, and the judgment was recovered in 1875, after personal service against all. The complainant did not appear.   In November, 1877, judgment was entered in the circuit court on a transcript from the justice, and the defendant Coolidge procured an execution which the sheriff levied on complainant's premises.   In February, 1878, the sheriff advertised a sale on the execution, and complainant filed this bill. The court below dismissed it and she appealed.   Her counsel urges several objections to the law proceedings, but none of them go to the jurisdiction, and the court of chancery has no authority to sit as a court of error to examine the regularity of the proceedings in a court of law.

If the justice had jurisdiction, but made mistakes of law, however serious, we cannot inquire into them here. They should have been investigated in a proceeding instituted for the purpose.   At the time the note put in judgment was made, the complainant was the wife of Nathaniel Wilson, one of the co-makers, and the relation has continued and still exists.   It is not claimed that this appeared on the face of the note, or was objected in the action before the justice.   But her coverture

42 MICH.—15.

is now admitted, and it is admitted further that she signed exclusively as surety for her husband.

The only question is whether, in consequence of her coverture and of the fact that she signed as surety, as now admitted, the judgment and other proceedings are caused to be void as against her; because if they are not void on that ground there is no foundation in the case on which the court can interfere; and we think they are not.

By our law a married woman is allowed in many cases to contract and to sue and to be sued as though she were unmarried, and her competency to assert and maintain her rights either as plaintiff or defendant is fully acknowledged. In case she is sued upon a contract she has not capacity to make, or against which she has some other valid objection, the door of justice is open to her, and the law invites her to explain her case and expose her objection seasonably and in the due course of proceeding.

The act or matter may be not enforcible against her in case of objection; yet if she refrains and suffers the case to go on to judgment against her, and still more, suffers the judgment to stand, the circumstance that she was not originally bound will not suffice to render the judgment void. In case it has not been impeached on error or appeal, it cannot be repudiated; and when recourse is had to legal process to enforce it, its conclusiveness cannot be brought into question on account of the invalidity of the cause of action or the right which she held to successfully resist it.

We are aware that a different doctrine prevails in some courts of high authority, and it is possible that reasons exist in their systems for peculiar rules. The weight of authority is otherwise, and we are satisfied that our regulations require us to concur with it.

The decree must be affirmed with costs.

The other Justices concurred.