## MAGGIE F. TICE v. BAY CITY.

*Constitutional law—Municipal corporations—Defective sidewalks—*
*Negligence—Declaration—Evidence.*

1. Act No. 264, Laws of 1887, providing for the recovery of damages for injuries sustained by reason of defective highways, etc., is constitutional.

2. A declaration under said act avering that the accident occurred upon one of the principal streets of a city, by reason of a defective sidewalk, which defect was a dangerous one, and had existed for three months, and that the defendant then and there knew that the sidewalk was unsafe, and not fit for travel, sufficiently states knowledge or notice of the defect by the defendant.

3. In such a case it is error to permit the plaintiff to show the bad and defective condition of the walk at other places beyond the defect which caused the injury. *Dundas v. Lansing,* 75 Mich. 499.

Error to Bay. (Cobb, J.)   Argued October 18, 1889.
Decided December 28, 1889.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John C. Weadock (T. A. E. Weadock,* of counsel), for appellant.

*Shepard & Lyon,* for plaintiff.

SHERWOOD, C. J. This is an action on the case brought by the plaintiff against the defendant to recover for a personal injury received by reason of plaintiff's foot being caught in a hole in the sidewalk on the east side of Jefferson street, in Bay City.

There seems to be no question but that the walk was one it was the duty of the city to keep in repair, and

that it was defective when the plaintiff received her injury is not denied; but it is claimed by the defendant that the walk was not in an unsafe condition, and, further, that the defect, such as it was, was never known to the defendant previous to the accident. Such was the contention of defendant's counsel before the jury. On the trial the plaintiff had a verdict for $2,300. The defendant brings error.

It is assigned as error and claimed by defendant's counsel that the law under which the action is brought is unconstitutional. We find nothing in the law unconstitutional, either in its title or mode of enactment, or in the body of the act itself.

It is also thought the declaration is insufficient, by defendant's counsel. He did not demur to it, and we think it is sufficient. It is claimed it does not sufficiently state knowledge or notice of the defect by the defendant. It avers that the accident occurred in Bay City, and upon one of its principal streets, through and by reason of a defective sidewalk; that the defect was a dangerous one, had existed there for three months, and that the defendant then and there knew it was unsafe, and not fit for travel. We see no reason for any further specification of facts to bring the case within the statutes. Certainly, the defendant had sufficient time after such knowledge to make any needed repairs, and upon this question the truth of the declaration must be assumed.

The plaintiff was allowed to show the bad and defective condition of the walk at other places beyond the defect which caused the injury. In *Dundas v. Lansing*, 75 Mich. 499 (42 N. W. Rep. 1011), this was held to be error, and it was unquestionably serious error in this case.

I think the judgment should be reversed, and a new trial granted.

CAMPBELL, CHAMPLIN, and LONG, JJ., concurred with
SHERWOOD, C. J.

MORSE, J., *(dissenting)*. I have been unable to find
any error in this case.