BARTHOLOMEW J. FAFEYTA v. BRIDGET McGOLDRICK.

*Married woman—Liability for purchase of goods.*

A married woman is liable for the price of a suit of clothes for a minor son, of which she is the *sole* purchaser, and to whom alone credit is given, upon her agreement to pay for the same. *Campbell v. White*, 22 Mich. 178.

Error to Wayne. (Gartner, J.)    Argued January 22, 1890.    Decided January 31, 1890.

*Assumpsit.*    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Peter E. Park*, for appellant.

*W. R. Montgomery* (*Henry M. Cheever*, of counsel), for plaintiff.

CAMPBELL, J.    Plaintiff sued defendant, who is a married woman, for the price of a suit of clothes, which he claims she bought on her own credit for her minor son, and partly paid for.

The testimony on the trial was very much in conflict upon most of the questions of fact. There was testimony, although contradicted, to the effect that defendant was the actual and potential head of the family for business purposes, at least, and there was similar contradicted tes-

timony that she was the responsible and actual purchaser of the goods. The court below charged very explicitly that if any one else was concerned in the purchase, or if credit was given to any one else to any extent, she could not be held responsible. Under the charge, the jury must have found that she was the only purchaser, and the only person to whom credit was given.

Under these circumstances, the case is within the decision in *Campbell v. White*, 22 Mich. 178, and the recovery was warranted by the testimony, inasmuch as the jury had the power and duty of passing on the testimony. The charge was carefully guarded, and no other question is presented by the argument, and none appears warranted by the record as material. The jury settled the only dispute presented to them, and their verdict cannot be disturbed.

The judgment must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred.