DAVID HIRSHFIELD v. CORDELIA WALDRON.

*Married women—Liability for purchase of goods—Evidence—Practice in circuit court.*

1. A statement by a purchaser of goods to the vendor, "You may charge them to me," is equivalent to saying, "You may charge them to me *individually*."

2. Suit was brought against a married woman to recover for goods claimed to have been purchased by her on her *individual* credit, which was denied by the defendant; and the following questions put to the plaintiff are held proper, as calling for testimony tending to show that the credit was extended to the wife, namely:

    *a*—If prior to such sale he had not attempted to collect a claim of long standing of the husband.

    *b*—Whether he would have charged the goods to the husband if requested to do so by the wife.

    *c*—Whether the claim which he had attempted to collect was not litigated in the same court in which the trial was being had, and the case taken to the Supreme Court.

    *d*—Also the following question, asked of the wife, namely: Whether it was not a fact that, about the time of the purchase of the goods, her husband "wasn't paying anybody."

3. Counsel for plaintiff, in closing the case to the jury, assumed to state what took place on the trial of the case in justice's court, and the defendant's counsel asked that the return of the justice be admitted in evidence to contradict such statement. And it is held that the return was properly excluded, the assertion of counsel being no evidence of the proceedings before the justice, which were irrelevant, and ought not to have been referred to.

4. It is not error for the court to order counsel to desist from commenting in their argument to the jury upon alleged entries in books of account which, though inquired about on cross-examination, are not made evidence by the introduction of the books.

5. A married woman is liable for the price of clothing purchased by her for a minor son, and charged to her by her direction, she agreeing to pay for the same. *Buck v. Haynes Estate*, 75 Mich. 397 (head-note 2); *Fafeyta v. McGoldrick*, 79 Id. 360.

Error to Muskegon. (Dickerman, J.) Argued October 10, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*De Long & O'Hara*, for appellant, contended:

1. The request conformed to the law as laid down in *Powers v. Russell*, 26 Mich. 179, and should have been given as presented.
2. It was the duty of the husband to procure necessary clothing for this minor son, and not that of the defendant; citing *Howe v. North*, 69 Mich. 284.
3. Even if defendant told plaintiff, which is not conceded, to charge the goods to her, and she would be in in a day or two and pay for them, she did no more than most married women do in purchasing family goods, never dreaming of becoming *individually* liable to pay for them.

*H. L. Delano*, for plaintiff.

CHAMPLIN, C. J. On November 29, 1884, the plaintiff had a clothing store in the city of Muskegon. On that day, the defendant, who was a married woman living with her husband, came into his place of business with their only son, and picked out a coat and vest for the boy. She 'wanted an entire suit of clothes, but plaintiff did not have in stock any pants of the right size. The price of the coat and vest was $15.50.

The plaintiff claimed on the trial that he had known the defendant for a number of years before that time, and knew that she was the wife of L. A. Waldron, and that she was living with him at that time, and that the boy was the only son of defendant and her husband, and that the coat and vest were for the boy, Leonard, Jr. Plaintiff testified in his own behalf in the court below that when Mrs. Waldron came into the store and picked out the suit of clothes, and ascertained the price, she purchased the coat and vest, and told him to charge them to her, and she would pay it in a day or two, or within

a few days, and that he did make the charge against her upon his blotter at that time. Upon cross-examination he was asked to repeat the language which she made use of, and he said that Mrs. Waldron said: "Charge it to me, and I will come in and pay it to you in a day or two." Upon further interrogation he testified that she did not say, "Charge it to me individually," but, "Charge it to me."

Mrs. Waldron was a witness in her own behalf, and testified to purchasing the goods at plaintiff's store, and further testified as follows:

"My son wanted a suit of clothes, and I went to Mr. Waldron and asked him where I should go to get them, and he said: 'Mr. Hirshfield is owing me,' and I said I would go into Mr. Hirshfield's and get them, and I went into Hirshfield's and got them, and there wasn't anything said about charging them. I never told him to charge them to me or anybody else, and I took the clothes and went home. I never heard anything about it again until 1888, I think. In the mean time he had asked Mr. Waldron for it several times.

"*Mr. Delano.* I object to that.

"*Q.* You were not present?

"*A.* I was not.

"*The Court.* Well, I think that had better go out then.

"*A.* And that is all I know about it. I don't know anything more about it. When I went into the store afterwards, I think it was just before he sued me, I went into the store, and had a talk with him. And I said, 'Mr. Hirshfield, you know that I· didn't tell you to charge those goods to me.' And he said 'I know you didn't, and that is just the reason I am going to collect it of you.' At the time I got the clothes I had not one cent in my own name, and I never had gone to any store in this town and had anything charged to me. And that's all I know about it."

The plaintiff also produced the blotter upon which the charge was made, and was cross-examined by the defendant's counsel as to that entry, and from his questioning,

and the position of the "Mrs." prefixed to Mrs. Waldron's name, he sought to show by the witness that that prefix was written after the original charge was made. It appears from the testimony that the prefix "Mrs." was in the margin of the book made by the red lines. Plaintiff was asked to show other entries where charges were partially in the margin, and he pointed out several.

At the conclusion of the testimony, the defendant's attorney requested the court to instruct the jury as follows:

"Before you can find for the plaintiff, you must be satisfied from the evidence, and that by a fair preponderance, that Mrs. Waldron told plaintiff to charge the goods to her *individually*, and that she would pay for them, and that plaintiff gave her the credit at the time. It is not sufficient that she got the goods from Hirshfield unless she ordered them charged as I have before stated."

And the court immediately proceeded to instruct the jury substantially in accordance with the request in the following language:

"Gentlemen, there is one request that has been handed up which I will give you. Before you can find for plaintiff you must be satisfied from the evidence, and by a fair preponderance of it, that Mrs. Waldron told plaintiff to charge the goods to her, and that she would pay for them, and that plaintiff gave her the credit at the time. It is not sufficient that she got the goods from Hirshfield unless she ordered them charged as I have before stated."

He further instructed the jury as follows:

"Gentlemen, that is all the point there is in this case. There is no dispute but what the goods were obtained, and that Mrs. Waldron got them, and for her son, who was with her. It is simply a question of whether she told Mr. Hirshfield then to charge the goods to her, and that she would pay for them, as he says she did, or whether she did not, as she claims she did not. Now it is for you to weigh all this evidence upon that point. It

was competent for her, although she was a married woman, to go in there and buy goods in that way for her son; and if she told him to charge the goods to her, and that she would be in in a day or two to pay for them, she would be bound to pay for them in law.  If she did not, but simply went in and got the goods, and said, 'Charge them,' why then she would not."

The defendant's attorneys have assigned error upon the refusal of the court to charge the jury in the language of their request.  We fail to perceive the force of the distinction between the statement made by such person purchasing goods,—"You may charge it to me," or "You may charge it to me individually."

Defendant's counsel alleged as error the following question put to the witness Hirshfield:

"Prior to this time, you had undertaken to collect a claim against Waldron that had been standing for some years, hadn't you?"

We see no error in permitting this question to be asked and answered.  It was material to show that the credit was not extended to the husband, but to the wife, and this testimony would have some bearing in that direction.

The second assignment of error relates to the ruling of the court in permitting the following question:

"Now, if Mrs. Waldron had asked you to charge this coat and vest to her husband, L. A. Waldron, would you have done it?"

And the third assignment of error may be said in this respect to be the same as the last, and related to the following question:

"That claim that you speak of that you tried to collect of him was litigated in this court, and taken to the Supreme Court, wasn't it?"

We think this was relevant.  The testimony tends to explain the relation of the parties, and to substantiate

the testimony of the plaintiff that he did not extend the credit to Mr. Waldron.

The fourth assignment of error relates to the ruling of the court in permitting the following question to be asked defendant on her cross-examination:

" Now, about that time, your husband, Waldron, wasn't paying anybody, was he?"

There was no error in this ruling. It was a relevant fact to be shown that the husband was so circumstanced that he was not providing for the wants and necessities of the family, and also as tending to show the fact that the goods at the time were not charged to the husband, but to the wife.

The fifth assignment of error is based upon the refusal to receive the return of the justice in evidence when the counsel for plaintiff was summing up the case to the jury, and was stating what took place in justice's court upon the trial of the case there.   We think there was no error in refusing to receive the return of the justice for the purpose of contradicting the statement of counsel.   What the counsel said was not testimony in the case, and his assertion of what took place in the court below was no evidence of the fact.   Counsel for the defendant's assertion to the contrary would be just as effective as that of the counsel for the plaintiff on that point.   It was irrelevant matter, which ought not to have been referred to, but we do not see that it prejudiced defendant's case, as it was stated on all hands that she was not present at the trial in the court below.

The bill of exceptions states that the counsel for the defendant, in summing up the facts to the jury, commented upon an item contained in the blotter of plaintiff of a charge against Jake Hetz, in which a part of his name was entered in the margin outside of the red line,

and was written partly in pencil, as claimed by counsel in his argument. The plaintiff's counsel objected—

"To such comment, stating that there was nothing in the record warranting any commenting to be made in reference to this item."

The court stopped counsel in his argument to the jury, and counsel stated that the witness' attention had been called to the other items, and he thought his comments were legitimate as attacking the good faith of the plaintiff. The court sustained the objection of plaintiff's counsel, and ordered defendant's counsel to desist from further comments on the Jake Hetz item, and other items that had not been offered in evidence, to which ruling the defendant by her counsel excepted, and this exception forms the basis of the sixth assignment of error. The testimony, with reference to this and other items, was drawn out by defendant's counsel upon cross-examination, and it does not appear from the record that the book containing these items was offered in evidence; nor does it appear from the testimony that a portion of the charge against Jake Hetz was written in pencil. We think there was no error in the action of the court with respect to these items.

The charge of the court was in harmony with our rulings as to the liberty of married women to purchase goods upon their own credit and promise to pay therefor. *Powers v. Russell*, 26 Mich. 179; *Campbell v. White*, 22 Id. 178; *Tillman v. Shackleton*, 15 Id. 447.

The judgment must be affirmed.

MORSE, CAHILL, and GRANT, JJ., concurred. LONG, J., did not sit.