## MORDECAI L. MEADS v. ELIZABETH C. MARTIN.

*Married women—Liability for goods purchased and services rendered.*

This case is ruled by *Hirshfield v. Waldron,* 83 Mich. 116, in which it was held that a married woman is liable for the price of clothing purchased by her for a minor son, and charged to her by her direction, she agreeing to pay for the same.

Error to Eaton. (Hooker, J.) Argued December 4, 1890. Decided December 24, 1890.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Irving W. French* and *Jacob L. McPeek,* for appellant.

*James M. Powers,* for defendant.

CHAMPLIN, C. J. This was an action of *assumpsit* brought by the plaintiff, who is a physician, a druggist, and grocer, to recover for medical services, drugs and medicines, and groceries furnished to the defendant.

It appeared upon the trial that the defendant was a married moman living with her husband, and that they had six children, all under 21 years of age. The action was upon an open account, which, by the bill of particulars, appears to have originated in 1876, and to have extended down to the time of the commencement of suit, a period of nearly or quite 14 years. The plaintiff showed that he, at or about the time the account was opened, was sent for as a physician to attend upon some one of the family of the defendant; and that, in response to such call, he went to the family, and at that time had a conversation with the defendant. He proposed to show that he would not have rendered his services or sold or delivered any goods to the defendant or her family upon the credit of her husband, for the reason that he was not worthy of credit, and was without means. He stated that he expected to be able to show that at the time the plaintiff went there the defendant stated that her husband was entirely irresponsible, and that she would become responsible for his pay; and that, relying upon that promise to pay, he rendered the services and procured the drugs in pursuance of that contract with him,—that the husband was entirely irresponsible, and he need not look to him, and she would see that he had his pay. He also proposed to show that, upon the services being rendered and the goods sold and delivered to the defendant for her family, he gave the credit upon his books directly to the defendant; and that he would

not have rendered the services or parted with the property on the credit of the husband.

The court, upon these propositions being made, stated that he understood the rule to be that, before liability could attach, it must appear that the husband actually did refuse, or its equivalent, to furnish necessaries for the family, and that the wife could not be made liable unless such was the case. It appears from the testimony also, it may be added, that the defendant was possessed of property in her own name and right.

The question involved in this case was recently before this Court, and an opinion handed down on November 14 last, in the case of *Hirshfield v. Waldron*, 83 Mich. 116, and it will not be necessary in this case to enter into any extended discussion of the proposition with reference to the power or authority of a married woman to make a binding contract with reference to the purchase of goods or for services to be performed, where she makes it in her own behalf, and upon her own express agreement to pay for such services or goods, and where she or some member of her family derives the benefit of such purchase or services.

We think the judge erred in excluding the testimony, and the judgment must be reversed, and a new trial ordered.

The other Justices concurred.