### GROVE H. WOLCOTT v. LYDIA PATTERSON.

*Married woman—Employment of attorney—Suit for divorce.*

1. A married woman may make herself chargeable with the value
   of services rendered by an attorney upon her employment to
   secure a divorce from her husband, and the husband is not
   liable for such services.

2. How. Stat. § 6235, which provides that "in every suit brought,
   either for a divorce or for a separation, the court may, in its
   discretion, require the husband to pay any sums necessary to
   enable the wife to carry on or defend the suit during its
   pendency, and it may decree costs against either party, and
   award execution for the same, or it may direct such costs to
   be paid out of any property sequestered, or in the power of
   the court, or in the hands of a receiver," clearly indicates
   that such proceedings are to be maintained at the cost of the
   wife, unless the court shall relieve her of such cost by an
   order for expense money to be paid by her husband; citing
   *Ross v. Ross,* 47 Mich. 185.

Error to Jackson.    (Peck, J.)    Submitted on briefs Jan_
uary 3, 1894.    Decided May 18, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John D. Conely*, for appellant.

*Mark S. Wolcott*, for plaintiff.

MONTGOMERY, J.   Plaintiff is an attorney at law, and recovered in the court below for professional services rendered to the defendant, who is a married woman. A portion of the services related to the separate estate of the defendant, who is shown in the record to have had considerable property in her own right. Included in the bill of particulars was a charge of $100 for retainer and services in a divorce suit brought by defendant against her husband. This proceeding was not carried through to a determination, but was discontinued by Mrs. Patterson before a decree.

Substantially the only question presented by the record is whether a married woman may, in this State, make herself chargeable with the value of services rendered by an attorney upon her employment to secure a divorce from her husband. It is contended by the defendant that the husband is liable for such services, and that the wife is not. The authorities are not uniform upon the question, but we think the weight of authority negatives such liability on the part of the husband. See Schouler, Husb. & Wife, § 104, and cases cited in note. In some of the states the liability of the husband is asserted (*Sprayberry v. Merk*, 30 Ga. 81; *Porter v. Briggs*, 38 Iowa, 166; *Langbein v. Schneider*, 16 N. Y. Supp. 943), and in these jurisdictions it is held that the wife is not competent to charge herself with such expenses (*Musick v. Dodson*, 76 Mo. 624; *Cook v. Walton*, 38 Ind. 228; *Whipple v. Giles*, 55 N. H. 139). See, however, dissenting opinion of Pettit, C. J., in *Putnam v. Tennyson*, 50 Ind. 461. We think

the cases which deny the husband's liability are more consonant with the holdings of this Court that one who supplies the wife with goods apparently suitable to her situation in life does so at his peril, and can only recover if the husband has failed to supply necessaries. *Clark v. Cox*, 32 Mich. 204.

Is the wife competent to contract for such services? The wife may exhibit her bill for divorce in her own name. How. Stat. § 6233. And by section 6235 it is provided that—

"In every suit brought, either for divorce or for a separation, the court may, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on or defend the suit during its pendency, and it may decree costs against either party, and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

The statute clearly indicates that such proceedings are to be maintained at the cost of the wife, unless the court shall relieve her of such cost by an order for expense money to be paid by her husband. *Ross v. Ross*, 47 Mich. 185. It has also been held in this State that a married woman is competent to assert her rights either as plaintiff or defendant, and, where a suit is brought against her as defendant, is bound to do so. *Wilson v. Coolidge*, 42 Mich. 112. It would seem to follow logically that, having the power to bring suit, and being in such suit responsible for costs, she must be held competent to contract for the services of an attorney to represent her rights. We think the right to contract for such services is necessarily incident to and included in her right to bring suit.

In this view, there was no error committed to the prejudice of the defendant, and the judgment should be affirmed, with costs.

The other Justices concurred.