LAMMIMAN *v.* DETROIT CITIZENS' STREET RAILWAY CO.

1. EVIDENCE—PHYSICIANS AND SURGEONS—PRIVILEGE.

In an action for personal injuries, a physician cannot testify, over plaintiff's objection, for what ailment he treated her prior to the accident; the information being privileged under 2 How. Stat. § 7516.

2. SAME—REMOTENESS.

Where, in an action for personal injuries tried one year after the accident occasioning them, evidence was introduced on both sides for the purpose of showing plaintiff's physical condition before and after the injuries, the testimony of the physician who was attending the plaintiff at the time of the trial, as to the condition of her nervous system during the time he had attended her, was not too remote, although he did not begin to treat her until two months before the trial.

3. MARRIED WOMEN—PERSONAL INJURIES—DAMAGES.

A married woman whose husband is a non-resident, and has lived apart from her for six or seven years, during which time she has provided her own support, may, in an action for personal injuries, recover for medical attendance, although the physician's bill was unpaid when the suit was commenced.

Error to Wayne; Daboll, J., presiding.    Submitted April 9, 1897.    Decided May 11, 1897.

Case by Kittie M. Lammiman against the Detroit Citizens' Street Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*F. J. Riggs* and *Lehman Bros.,* for appellee.

MOORE, J.    Plaintiff recovered a judgment against defendant of $1,600 for personal injuries received by her. Defendant appeals.    The defendant concedes that the plaintiff has a cause of action against it, but contests the litigation on the ground that the damages claimed are excessive.

On the cross-examination of the plaintiff, it appeared that prior to the injury she had obtained medicine for a stomach trouble of Dr. Barclay.    She denied that he had treated her for bladder and other troubles to which her attention was called.    Dr. Barclay was called by the defendant.    The inquiry was made of him for what ailment he treated plaintiff prior to the accident.    The question was objected to as being a privileged one, because of the relationship of patient and doctor.    We think the question is made by the statute a privileged one.    2 How. Stat. § 7516; *Briggs* v. *Briggs*, 20 Mich. 34; *Storrs* v. *Scougale*, 48 Mich. 387.

This case was tried in June, 1896,—one year after the accident occurred.    Dr. Linn attended the plaintiff as her physician for the two months immediately preceding the trial, and was her physician at the time of the trial.    He was permitted to answer the question, "What is now, and what has been, the condition of her nervous system, as long as you have been treating her?"    This testimony was objected to upon the ground that the time was too remote from the time of the accident.    The record shows

that testimony was introduced upon both sides for the purpose of showing the physical condition of Mrs. Lammiman from a period prior to the accident up to the time of the trial.   We think the testimony of Dr. Linn was competent.

Dr. Linn was allowed to testify as to the amount of his bill for attending the plaintiff as her physician.   The objection to this was not very definite, but it is urged here that, as the bill had not been paid when the suit was brought, the plaintiff could not recover the amount of it; and it is also urged that, as plaintiff is a married woman, the husband, and not the wife, is liable for medical bills. It appears from the record that the husband of plaintiff is not a resident of this State.   Mrs. Lammiman has not lived with him for six or seven years, during which time she has supported herself by clerking in stores and by teaching music.   Under the circumstances disclosed by the record, we think the testimony was competent. The other assignments of error are covered by the disposition of those discussed.

Judgment is affirmed.

The other Justices concurred.