HAYNES *v.* CITY OF HILLSDALE.

1. DEFECTIVE SIDEWALKS—EVIDENCE—NOTICE.
   Under a declaration charging defendant with permitting a sidewalk to become and remain rotten and out of repair, plaintiff may show that the walk had not been rebuilt or repaired for upwards of 20 years.

2. SAME—REMARKS OF COURT—PROVINCE OF JURY.
   For the court to remark in the presence of the jury, upon the trial of a suit for injuries alleged to have been sustained because of a defective sidewalk, that the fact that the walk would spring when walked upon was not, in itself, a defect which would entitle plaintiff to recover, is reversible error; the weight of such evidence being for the jury.

3. SAME—NOTICE.
   Evidence that other portions of the walk, built at the same time as that portion whereon the accident occurred, were out of repair, was admissible on the question of notice.

Error to Hillsdale; Lane, J.  Submitted April 14, 1897. Decided May 25, 1897.

Case by Mary E. Haynes against the city of Hillsdale for personal injuries.  From a judgment for defendant, plaintiff brings error.  Reversed.

*W. J. Sampson* and *F. H. Stone*, for appellant.

*Chester & Twiss*, for appellee.

LONG, C. J.   The plaintiff lived about six miles from the city of Hillsdale.   She was injured on a sidewalk in the defendant city.   On a trial before a jury, verdict was rendered in favor of the defendant.   It appears that July 27, 1894, while the plaintiff was passing along the walk in front of the courthouse, a board in the walk broke under her weight, her foot caught under the next board, turning that over, and she fell forward, receiving severe injuries, for which suit is brought.   The walk was constructed of wooden stringers, running lengthwise, with boards about six inches wide nailed crosswise.   The center stringers had entirely rotted away with age, and the outside ones were but little better.   The board which broke had rotted away on the underside, until but a mere shell of sound wood remained on the upper surface.   The street on which the accident occurred is named "McCollum Street."   The streets on the sides of the courthouse square are Broad and Howell streets.

The entire walk on McCollum street, from Broad to Howell street, was built in 1873; and plaintiff offered to show that it had remained without being repaired or rebuilt since that time.   This walk is about six rods in length between those streets.   This evidence should have been permitted.   The declaration charges that the defendant permitted a section of said walk, east of and near Howell street, to become and remain out of repair, rotten, loose, and dangerous, and the boards and stringers composing the same to become and remain loose, rotten, broken, and torn up, and liable to tip up, turn over, and spring down when pedestrians were passing along and over the same.   The declaration also charges notice to the city of such condition, and its knowledge of such condition.   It was shown that, at the place where the accident happened,—that is, the section on McCollum street east of and near Howell street,—the walk would

shake when walked over, and, if walked over near the ends of the boards, the opposite end would fly up; that the nails were out, and would not hold in the stringers when driven in; that the walk in that section looked all right, and its real condition was ascertainable only in walking over it.

One of the aldermen of the city testified that in June, 1894, he noticed, in passing over the walk, that it would spring as though the center stringer was rotten, or something of that kind; that in the same month he, with the city marshal, examined this walk, and found it would spring when walked on. The court stated, in the presence of the jury, that "the fact that the walk would spring is not, in itself, a defect which would entitle the plaintiff to recover." We think the court was in error in this statement, and that it was prejudicial to the plaintiff's case. It was a question for the jury, under all the circumstances, to say whether the walk was in a reasonably safe condition for public travel. The boards' springing up and down was some evidence of its bad condition, which, with other conditions shown, the jury had the right to consider. *Fuller* v. *City of Jackson*, 92 Mich. 207. The question also involved notice to the city of the walk's condition. The marshal and one of the aldermen had walked over it for the purpose of inspection prior to the accident.

The walk had been built for more than 20 years. It had remained without repair. The plaintiff attempted to show that other portions of this walk between Howell and Broad streets, built at the same time, were out of repair. This was excluded. This was error. *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 496; *Moore* v. *City of Kalamazoo*, 109 Mich. 176; *Will* v. *Village of Mendon*, 108 Mich. 251.

For these errors, the judgment below must be reversed, and a new trial ordered.

The other Justices concurred.