FOSTER, CHARLES & EWEN CO *v.* FELCHER.

119    353
s78NW 120
131    318

MARRIED WOMEN—CONTRACTS—ORIGINAL PROMISE.

  A married woman who, after being informed that chairs had
been ordered by her husband for use on a pleasure-boat
operated by him for her as the owner, and had been delivered
upon the husband's assurance that she would settle for them,
called on the person who furnished them, and stated that she
would see that the chairs were either returned or paid for
within 10 days, may be held liable for the purchase price; it
appearing that no contract had been made with, nor credit
extended to, the husband.

Error to Saginaw; Snow, J. Submitted January 25,
1899. Decided February 6, 1899.

*Assumpsit* by the Foster, Charles & Ewen Company
against Rebecca L. Felcher for goods sold and delivered.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*Trask & Smith,* for appellant.

*Crane & Crane,* for appellee.

MONTGOMERY, J. Plaintiff recovered a judgment for
the purchase price of 30 dozen chairs at the price of $5 per
dozen. The defendant brings error.

The testimony on the part of the plaintiff tended to
show that in August, 1895, Capt. Felcher, defendant's
husband, called at plaintiff's shop, and ordered the chairs
for use on the boat Periwinkle, of which he was master.
The boat was then at the dock in Saginaw. The order
was noted on plaintiff's book, "Captain Felcher; boat
Periwinkle." This, as testified by plaintiff's salesman,
was a memorandum of delivery. Plaintiff did not have
the chairs in stock, but ordered them from Detroit. Be-
fore they arrived, plaintiff investigated the financial stand-

ing of Mr. Felcher, and claims that it extended no credit to him. Plaintiff's witness testified that, before the chairs were delivered, he went down to the boat, saw Mr. Felcher, told him the chairs had arrived, and asked him when plaintiff was going to get its pay; that Capt. Felcher replied that he didn't know whether he would need all the chairs, but added, "You have them brought down here, and we will take what we need, and I will have Mrs. Felcher come in and settle for them;" adding, "She is good for them; she owns the boat." Witness testified that he relied on this statement, and delivered the chairs at the dock; that, a few days later, the defendant came in, and said: "Capt. Felcher has spent altogether too much money on my boat now. I don't know what he wants of the chairs, for there are chairs enough there without them; but," she added, "I will see that you either get those chairs back, or get paid for them, in 10 days." The defendant and her husband gave testimony contradicting that of plaintiff in material facts.

The court charged the jury as follows:

"The plaintiff in this case, in July, 1895, was engaged in the mercantile business in this city, selling furniture. They claim that, some time in July of that year, one Felcher came to them, and represented that his wife was the owner of a boat called the 'Periwinkle,' and that they desired to purchase some chairs to be used upon this boat. They also claim that they refused to give credit to Mr. Felcher for the chairs, but that they sold the chairs to the defendant, Mrs. Felcher. The burden of proof is upon the plaintiff to establish their case, and to establish each and every element necessary to make out their case, by a fair preponderance of evidence. If you find, from the evidence in this case, that the sale of these chairs was actually made to the defendant, that she was the person that was given credit for these chairs, and that she represented to the plaintiff at the time that she was the owner of the boat Periwinkle, then the plaintiff would be entitled to recover the value of the chairs. On the other hand, it is claimed by the defendant that she did not purchase these chairs, and that the chairs were purchased by her husband. She also claims that she is not the owner of the

Periwinkle. She also claims that she never gave her husband any instructions to buy any chairs for her, or to buy any chairs to place upon this boat. She also claims that she never bought the chairs, or had any conversation in regard to buying the chairs. If you should find, from the evidence in this case, that the chairs were sold to Mr. Felcher (Capt. Felcher), and delivered to him, and that afterwards the defendant in this case, Mrs. Felcher, agreed to pay for them within 10 days, or return the chairs, if you should find that to be the fact in this case, then plaintiff cannot recover, because it would be the promise merely to pay the debt of another, and, in order to bind the defendant upon any such terms, it is necessary, under the law, that the promise should be in writing, and signed by the defendant, in order to bind her, or charge her with the indebtedness."

Defendant's counsel contend that the testimony on the part of the plaintiff shows that the alleged promise to plaintiff was a promise to answer for the debt of another, and therefore, not being in writing, void. We think the testimony of plaintiff tends to show that the only contract made for the sale of the chairs was that made with defendant. This was the sole question in the case: With whom was the contract made? This was submitted under proper instructions. *Lempke* v. *Felcher*, 115 Mich. 37; *Hirshfield* v. *Waldron*, 83 Mich. 116; *Meads* v. *Martin*, 84 Mich. 308; *Mosher* v. *Kittle*, 101 Mich. 345; *People's Building & Loan Ass'n* v. *Billing*, 104 Mich. 186; *Goodman* v. *Shipley*, 105 Mich. 439.

Defendant's counsel rely on the case of *Goodman* v. *Felcher*, 116 Mich. 348. In that case, however, the proofs failed to show an original promise by the defendant, but did disclose that she promised as surety for her husband.

The judgment is affirmed.

The other Justices concurred.