BARBER *v.* EBERLE'S ESTATE.

MARRIED WOMEN—CONTRACTS—EMPLOYMENT OF NURSE.

   A married woman whose husband has transferred to her the
   homestead and the personal property about the house, and
   agreed to pay her $100 per year during her life,. in considera-
   tion of the release of her dower and all claims, present and
   future, to his property, is competent to make a valid contract
   for the employment of a nurse for herself, although her hus-
   band is still living with her.

Error to Wayne; Frazer, J.   Submitted June 4, 1902.
(Docket No. 64.)   Decided July 1, 1902.

Mary Barber presented a claim against the estate of
Margaret Eberle, deceased, for services rendered.   The
claim was disallowed by the commissioners, and claimant
appealed to the circuit court.   From a judgment for
claimant, defendant brings error.   Affirmed.

*John D. Conely,* for appellant.

*Haug & Yerkes,* for appellee.

MOORE, J.   The claimant presented a claim for services
as nurse to Mrs. Eberle.   This claim was disallowed by
the commissioners, but was allowed by a jury in the cir-
cuit court.   The case is brought here by writ of error.

It is contended that as Mrs. Eberle was a married
woman, whose husband and she were living together
when the services were rendered, and as the claimant did
some housework as well as nursing, Mrs. Eberle was not
liable; that, even if there was a contract of hiring as
claimed, it was not such a contract as could be made by a
married woman.

The record shows that, some years prior to the time
these services were rendered, Mr. Eberle deeded to his wife
the house and lot where they then lived, and made to her

a bill of sale of the personal property in and about those premises, and agreed to pay her $100 a year during her life.   At the same time she executed a release of all dower rights and of all claims she had or might have to all property he then had or might thereafter acquire, both real and personal.   At the same time he gave her a bond, secured by mortgage, to secure the payment of the $100.   A marginal discharge was afterwards made of this mortgage.

The claimant contends the contract was made with Mrs. Eberle to render to her services as a nurse, and Mrs. Eberle agreed to pay her; that the services were rendered for her; that after the arrangement was made between Mr. and Mrs. Eberle, mentioned above, it continued in force; and that it was entirely competent for Mrs. Eberle to make the contract she did.   The defendant insists the circuit judge ought to have directed a verdict in favor of defendant. The judge declined to do so, but submitted the case to the jury under instructions in relation to the law which are justified by the rulings in the following cases: *Hirshfield* v. *Waldron*, 83 Mich. 116 (47 N. W. 239); *Meads* v. *Martin*, 84 Mich. 306 (47 N. W. 583); *Mosher* v. *Kittle*, 101 Mich. 345 (59 N. W. 497); *Goodman* v. *Shipley*, 105 Mich. 439 (63 N. W. 412); *Foster, Charles & Ewen Co.* v. *Felcher*, 119 Mich. 353 (78 N. W. 120).

Judgment is affirmed.

HOOKER, C. J., and MONTGOMERY, J., concurred. GRANT, J., took no part in the decision.