MEYER v. KNOTT.

1. CONTINUANCE—ABSENT WITNESS—INCOMPETENT TESTIMONY.
   Continuance to procure the attendance of a medical witness,
   whose testimony is incompetent, except as to facts admitted
   by defendant, is properly refused.

2. FRAUD — MISREPRESENTATIONS—CHRISTIAN SCIENCE—SINCERITY
   OF BELIEF.
   In an action for fraud, in falsely representing to plaintiff that
   defendant was a sincere believer in Christian Science, and
   thereby inducing him to pay defendant for instruction in the
   art of healing by that science, evidence that, some two years
   before, defendant had had superfluous hairs removed from her
   face by material means, does not tend to show her lack of
   sincerity.

Error to Wayne; Brooke, J. Submitted September 13,. 1904. (Docket No. 161.) Decided October 4, 1904.

Case by Martin Meyer against Annie M. Knott for alleged fraud. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Charles S. Hampton* (*William D. Fuller*, of counsel),, for appellant.

*Lodge, Trevor & Brown*, for appellee.

MONTGOMERY, J. This case is novel (not to say unique). The defendant is a teacher of Christian Science, and was in February, 1901, first reader of the First church of Christ, scientist, of the city of Detroit. The declaration alleges that on the 14th of February, 1901, defendant " did falsely and fraudulently represent, claim, and pre-- tend to said plaintiff that she (the defendant) was then. and there a sincere, honest, and conscientious believer in and adherent, follower, and practicer of the principles of Christian Science, and then and there mentally and morally

qualified and competent to give class instruction in Christian Science mind healing;" that plaintiff agreed to pay and did pay defendant $100 for instruction which was given; that by reason of defendant not being a sincere, honest, and faithful believer in and follower and practicer of Christian Science, the plaintiff received no benefit from the instruction given him. In this action he seeks to recover the money paid and compensation for the time spent in the attempt to learn to "cure disease through the power of Christian Science mind healing." Upon the testimony which will be referred to later the circuit judge directed a verdict for the defendant. Plaintiff brings error, and has assigned error on three classes of rulings: *First,* refusal of the circuit court to grant a continuance; *second,* the refusal to submit certain special questions to the jury; and, *third,* the direction of the verdict.

It is manifest that, if the verdict was properly directed, the refusal to submit special questions was also proper. Our inquiry is, therefore, directed in the first instance to the first and third questions. The plaintiff sought to show that the defendant was not a true and conscientious believer in, and adherent, follower, and practicer of, Christian Science, by proof that at a date two or three years before his contract (as fixed by his testimony) she (the defendant) received treatment of a material nature from one Dr. De Forest, and that this was contrary to the teachings of Christian Science, and that this fact showed that she was not an adherent or follower of Christian Science. Before the trial the plaintiff, upon a showing of diligence, asked for a continuance to secure the attendance of Dr. De Forest to show that defendant received medical treatment, "and that such treatment was not merely for the purpose of removing facial blemishes." This offer indicates a purpose to show by the physician what disease he did discover in defendant and treat. Such testimony would not have been competent as against defendant's objection. *Lammiman* v. *Railway Co.,* 112 Mich. 603 (71 N. W. 153). In so far as the physician's testimony would have

been competent, the facts were admitted by the defendant. There was no error in refusing the adjournment.

On the trial it appeared that the defendant had, at a date two or three years prior to the contract with the plaintiff, had superfluous hair removed from her face by Dr. De Forest by means of electrical treatment, and, as plaintiff was able to call medical experts who testify that the superfluous hair is known to pathology by the name of "hypertrichosis," and is a disease, and as Christian Science is opposed to material treatment for disease, it follows that one who has superfluous hair removed is not a true believer in, and adherent, follower, and practicer of, the principles of Christian Science. Apart from the consideration that this departure from the true faith, if it be such, occurred two years before the contract with plaintiff, thus leaving ample time for defendant to mature her belief, we deem it sufficient answer to the plaintiff's contention that, if it be conceded that superfluous hair is a disease, it is also regarded by many as a facial blemish. Some conceal it as well as they may by the use of face powder; some have it removed. The defendant, because her little son teased her about the appearance of this superfluous hair, caused hers to be removed. This was not done as a treatment for disease, but as a means of making herself more presentable. We think this does not tend to show that defendant was guilty of fraud in holding herself out as a teacher of Christian Science.

It is to be understood that both plaintiff and defendant proceed upon the theory that Christian Science, as taught by Mrs. Eddy's book, "Science and Health," is true. We have therefore determined the case on that assumption.

The judgment is affirmed.

Moore, C. J., Carpenter and Grant, JJ., concurred with Montgomery, J. Hooker, J., concurred in the result.