## HYDE v. LOOKABILL.

1. **Evidence:** ERROR IN EXCLUDING: NO PREJUDICE. Where certain offered evidence was excluded, but it appears that, if admitted, it could have been of no avail, the party offering it has no reason to complain.

2. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. This court will not disturb a verdict based' upon conflicting evidence, even though it might be clearly of the opinion that the verdict is against the preponderance of the evidence.

3. **Verdict:** MISCONDUCT OF JUROR: DISCLOSING RESULT AFTER VERDICT SIGNED. The fact that, after the verdict had been agreed to and signed, one of the jurors disclosed to defendant's counsel the fact that the verdict was for defendant, was not, in the absence of prejudice shown, cause for setting the verdict aside.

*Appeal from Mills District Court.*

MONDAY, JUNE 8.

ACTION upon a promissory note for $800. The defendant admits the execution of the note, but avers that he paid one-half of the note in money, and gave a note for $400 for the balance. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*L. T. Genung* and *E. B. Woodruff*, for appellant.

*Kelley Bros.* and *Watkins & Williams*, for appellee.

ADAMS, J.—I. Defendant testified to the payment as alleged in his answer. The plaintiff, to rebut such evidence, offered in evidence his book of account, in which

*1. EVIDENCE: error in excluding: no prejudice.*

he testified that he made an entry of all money loaned, and of all payments made of such money. The book, it appears, showed money loaned to the defendant, and showed a payment made by him of $500, but on a different note, and showed no payment upon the note in question. The defendant objected to the introduction of the book, and the court sustained the objection. The plaintiff assigns the ruling as error. It is sufficient, we think, to say that in our opinion the book, if admitted, would have had no tendency to disprove the alleged payment. The fact that the book did not show such payment depended for its significance wholly upon the plaintiff's testimony, and would not have added anything to his testimony.

II. The court gave an instruction in these words: "The burden rests upon the defendant to show by a preponderance

*2. PRACTICE in supreme court: evidence to support verdict.*

of evidence that such payment was made as is claimed by him; that is, the evidence by which it is sought to show that such payment was made must be more satisfactory and convincing to your minds than the evidence offered in opposition thereto, or else the fact of payment is not proven." The plaintiff insists that the verdict was contrary to this instruction. His position is that the testimony of two witnesses showed that the alleged payment was not made, and that they were corroborated by the fact that the note was still outstanding in the plaintiff's possession, and no payment was indorsed thereon, while the defendant's allegations were supported by nothing except his own testimony. We are asked to say, therefore, as a matter of law, that the preponderance was not with the defendant.

But it is not for us to judge of the weight of testimony. Where there is a conflict, as in this case, we cannot disturb the verdict, even though we may be clearly of the opinion that, if we had been called to pass upon the evidence, we should have reached a different conclusion from what the jury did.

III. After the jury had agreed upon and signed their verdict, they went to a hotel to supper, and afterwards returned and rendered their verdict. At the hotel one of the jurors disclosed to one of the defendant's attorneys that the verdict was for the defendant. The plaintiff made a motion for a new trial, setting up such disclosure as misconduct. The court overruled the motion, and the plaintiff assigns as error that the motion should have been sustained upon this ground. But, as the verdict had been agreed upon and signed, and no prejudice shown, we think that the motion was properly overruled. *Fowler v. Tuttle,* 24 N. H., 9.

3. VERDICT: misconduct of juror: disclosing result after verdict signed.

We see no error, and the judgment must be

AFFIRMED.