C. F. SHAW v. CHARLES FORTINE AND MARY FORTINE.

*Bills and notes—Name of party—Pleading—Justices' courts— Married women.*

1. Under How. Stat. § 6871, which provides that in all actions on promissory notes or other instruments in writing, any of the parties to which are designated by the initial letter or letters or contraction of the Christian or first name or names, it shall be sufficient in any process or declaration to designate such persons by the same initial letter or letters or contraction of the Christian or first name or names, instead of stating such name or names in full, the payee in a note payable to "C. F. Shaw" may bring suit thereon in that name.[1]

2. Where, on the return-day of a justice's summons, both parties ask for an adjournment, the plaintiff for 8 and the defendant for 30 days, and, on their failing to agree upon the time, the justice adjourns the case for 7 days, the defendant cannot be heard to say that such adjournment was upon the motion of

---

[1] For cases bearing upon the use of initial letters in place of the full Christian name or names, see:

1. *Bennett v. Libhart,* 27 Mich. 489, holding that Henry V. Libhart is not entitled to recover in that name upon a justice's judgment rendered in favor of H. V. Libhart, there being no averment in the declaration that he was known by the latter name, or that the judgment was rendered in his favor by that name, and no evidence of his identity with the party in whose favor the judgment was rendered.

2. *Fewlass v. Abbott,* 28 Mich. 270, holding that an objection to a justice's judgment in favor of the payee in a promissory note, who was described in the summons and in the note by the initial letters of his Christian name, that the plaintiff was not named or properly named in the process, which objection was overruled by the justice and at the circuit on *certiorari,* is not well taken, and that it will not be presumed for the purpose of invalidating the judgment, and in the absence of any showing on that subject, that the plaintiff had any other name than the one used.

the justice, and without the consent of the parties; citing *Patterson v. McRea*, 29 Mich. 258.

3. An objection to the validity of a judgment rendered against a husband and wife upon a promissory note signed by both, that the wife joined in the execution of the note as surety merely, is untenable, where it appears that the consideration for the note passed to the wife.[1]

Error to Newaygo.    (Palmer, J.)    Submitted on briefs December 15, 1893.    Decided December 22, 1893.

*Assumpsit.*  Plaintiff brings error.   Judgment reversed, and one entered in this Court for plaintiff.    The facts are stated in the opinion.

*Melville Stone,* for appellant.

*E. F. Dewey* and *Frank Dumon,* for defendants.

McGRATH, J.   Plaintiff recovered judgment in justice's court againt Charles and Mary Fortine, husband and wife, upon a promissory note made by both.    Defendants removed said judgment into the circuit court by *certiorari,* where the judgment was set aside, and plaintiff appeals.

The affidavit for the writ alleges the following grounds of error:

1. That the justice adjourned the cause for more than six days, and thereby lost jurisdiction.

---

3. *Baldwin v. Talbot,* 43 Mich. 11, holding that, where a defendant in an action of replevin in justice's court is described in the writ by the initials of his Christian name, and he appeals from a judgment in his full name after pleading to the merits, the informality, if any, is one which the record furnishes the means for amending, and is no longer material.

4. *Fisher v. Northrup,* 79 Mich. 287, holding that where a writ of replevin is sued out of justice's court in the name of H. C. Fisher, by which name the plaintiff has been designated in all of the prior papers, and on the return-day the defendant moves to quash for that reason, and the party representing the plaintiff states that he cannot amend, as he does not know the full name of the plaintiff, the judgment of the justice dismissing the case should be affirmed.

[1] For cases involving the liability of a wife upon contracts entered into jointly with her husband, see *Arthur v. Caverly,* 98 Mich. 82, and note.

2. That the justice erred in giving judgment against the wife, who joined in the execution as surety merely.

3. That "C. F. Shaw" was not a legal person, in contemplation of law.

As to the first assignment, it appeared by the return of the justice that both parties asked an adjournment of the cause; defendants asking for 30 days, and plaintiff for 8 days. The justice adjourned the cause for 7 days. A party to a cause, who has himself requested an adjournment for 30 days, cannot be heard to say that an adjournment for a less number of days was upon the justice's own motion, and without the consent of the parties. *Patterson v. McRea*, 29 Mich. 258.

As to the second assignment, the return of the justice shows that the consideration for the note in question passed to Mary Fortine.

As to the third assignment, the statute (How. Stat. § 6871) expressly provides that in actions on promissory notes it shall be sufficient, in any process or declaration, to designate any person named in said note by the same initial letter or letters, or contraction of the Christian name, as is used in said note, instead of stating such Christian name in full.

The judgment of the circuit court will be reversed, and judgment entered here for plaintiff, with costs of all the courts.

The other Justices concurred.