LEMPKE v. FELCHER.

MARRIED WOMEN—CONTRACT FOR WORK AND LABOR—EVIDENCE. Plaintiff testified that defendant, a married woman, stated to him that she was going to start a restaurant, and would have a good deal of work for him to do; that she pointed out to him certain articles, saying that she wanted them fixed, and would let him know about the work; that some months later the articles were brought to his shop, and repaired by him under the direction of defendant's husband; that defendant visited the shop, and expressed satisfaction with the way the work was being done; that, when called upon to pay the contract price, she did not deny the contract, but, on the contrary, stated that she had left the money with her husband to pay for the work; that he afterwards received from defendant's husband a check signed by defendant to apply on the account; and that defendant testified on a previous trial that the property belonged to her, and that she had rented it to her husband. Defendant denied the contract, and claimed that the articles repaired belonged to her husband, and that the check was drawn on his funds. *Held*, that, plaintiff was entitled to go to the jury upon his contention that defendant had employed him to do the work upon articles which she owned or claimed to own.

Error to Saginaw; Snow, J. Submitted October 8, 1897. Decided November 17, 1897.

*Assumpsit* by Robert C. Lempke against Rebecca L. Felcher for work and labor performed. From a judgment for plaintiff, defendant brings error. Affirmed.

*James H. Davitt*, for appellant.

*Crane & Crane*, for appellee.

LONG, C. J. This action was commenced in justice's court, and appealed to the circuit, where it was tried before a jury, and the plaintiff had verdict and judgment. It was brought to recover for labor performed by plaintiff

on some stoves or ranges, a bar, counter, and ice box, and setting up the same in a restaurant owned and conducted by defendant's husband and one George Foster. These charges amount to $87.69. The defendant was a married woman, living with her husband, at the time this work was done. There is no contention over the amount or value of the services rendered. The claim is that the defendant did not employ the plaintiff to do the work, and that the articles upon which it was done were not owned by her, but by her husband.

The plaintiff testified that in July, 1894, he was doing some work for the defendant at her house; that on that occasion she stated to him that she would have a good deal of work for him to do after a little while; that she was going to start a restaurant, and hire Mr. Foster by the month, and put him in there; that she pointed out of the door to some stoves, steam chests, and boilers, and said she wanted them all connected and fixed up, and she would let him know about the work; that some months later these articles were taken to his shop, about a block away, and repaired; that the defendant came into the shop, saw him working on them, and said it was all right; that the husband gave the directions about the repairs; that, after the repairs were made, the articles were taken to the restaurant, and set up, and some more work done there. It appears that the account was charged to the defendant on plaintiff's books, and, after the work was completed, he received a check from defendant's husband, signed by defendant, for $10 on the account. The defendant was called as a witness in her own behalf, and denied that she pointed out these articles to the plaintiff, or employed him to make the repairs. She further testified that the restaurant business belonged to her husband and George Foster, and was conducted by them, and that she never had any interest in it or connection with it. Defendant's husband testified that he made the contract with the plaintiff to do the work; that he had no authority from his wife to have it done for her; that he

was the owner of the property upon which it was done; and that the check of $10 was signed "R. L. Felcher, by G. P. Felcher," but the money was his, and not his wife's.

The court charged the jury, among other matters, as follows:

"(6) If the jury find that the defendant in fact was the owner of the property in the restaurant (that is, the property upon which the plaintiff expended his labor), and that the work was done at her request, then the defendant would be liable for such services.

"(7) If the jury find that the defendant represented that she wanted some work done upon her property that she was about to place in her business, and that the plaintiff parted with his services relying upon that representation of the defendant, and that he did not receive any information from the defendant that the defendant was the owner of the restaurant or property in question, then the defendant would be bound to pay for the services of the plaintiff, and she would be estopped from setting up the fact that it was not her property."

1. It is contended that the court was in error in the sixth clause of the charge as given, for the reason that there was no evidence given showing or tending to show that the defendant was the owner of the property upon which the work was done, or that she had any interest whatever in the restaurant business. We think this contention cannot be sustained. It appears from the testimony of the plaintiff that, when he called upon the defendant for the first money after the work was commenced, she told him to go to Mr. Felcher for it, saying: "I have given him money enough to start the thing over there, and you go to him, and he will give you the money." This was before the plaintiff received the check signed by the defendant for the $10. The plaintiff further testified that on a former trial of this cause the defendant testified that the property in the restaurant was hers, and that she rented it to Felcher and Foster. We think this, in connection with the other testimony of the plaintiff, had some tendency to show that the defendant not only employed the plaintiff to do the work, but also that the work was

done on property actually owned by her, and for her use and benefit. It is true that this was denied by defendant and her husband, but it was a question for the jury, under the circumstances here stated.

2. It is further contended that there was no testimony offered showing or tending to show an employment of the plaintiff by the defendant to do the work in question, and that she is not, therefore, liable, even if there was evidence tending to show that she owned some part of the property, or had some interest in the restaurant. We are unable to agree with this contention. It is true that the record shows that the talk plaintiff had with the defendant took place some time in July, and the articles were not taken to his shop until about the 1st of September following, and were then taken there by defendant's husband; yet it appears further that, after the work was commenced, she was at the shop, and expressed satisfaction with the way it was being done, and, when called upon to pay for it, did not deny the contract, but, on the contrary, stated she had left the money with her husband to pay for it.

3. It is contended further that the court was in error in that part of the charge above quoted marked "(7)." The reason given by counsel for such contention is that it assumes there was evidence that defendant represented that she wanted the work done upon her property, which she was about to place in her business, and that plaintiff parted with his services relying upon that representation, and that there is no evidence to sustain such an assumption. It is unnecessary to restate the evidence here. As has been said, there was some evidence to sustain the claim that the defendant owned some of this property, and that she made the arrangement with plaintiff to fit it up for use in the restaurant.

4. We think there was no error in permitting the plaintiff to show that he made the original charge for the work upon his books against the defendant; and the court was not in error in its charge upon that question.

Some claim is made that the court erred in the admis-

sion of certain of the evidence.    We think there was no error in this.

The judgment must be affirmed.

The other Justices concurred.