JUNE *v.* LABADIE.

MARRIED WOMEN—BORROWING FOR SEPARATE ESTATE.

One who lends money to a married woman individually to build a house on a lot, knowing that her money bought the lot, and supposing the title to be in her, has a right to assume that he is lending the money for her separate estate, and she cannot defend suit to recover the money on the ground that it was not for her separate estate because the lot had been deeded to her and her husband.

Error to Wayne; Donovan, J. Submitted October 5, 1904. (Docket No. 5.) Decided October 18, 1904.

Assumpsit by Mary J. June against Sophie E. Labadie and Joseph A. Labadie on a promissory note. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*A. G. Pitts*, for appellant.
*John W. McGrath*, for appellees.

GRANT, J. This suit is based upon a promissory note signed by defendant Sophie, and indorsed by the defendant Joseph, her husband, and is now before us for the sec-

ond time.   For a more complete statement, see 132 Mich. 135.   Upon the former trial the main defense was a set-off.   Upon the second trial the court directed a verdict for the defendants upon the ground that the money was not borrowed for the separate estate of Sophie, but for that of her husband.   Defendants gave evidence tending to show that Sophie borrowed the money from her sister to erect a house upon a lot, which lot was deeded to defendants as husband and wife, and that this fact was known to the plaintiff.   Plaintiff testified that the money was loaned to Sophie individually; that she knew that Sophie's money bought the lot; that she loaned her the money to build a house upon the lot, and supposed the title was in her.   Under these circumstances plaintiff had a right to assume that she was loaning money to her sister for her separate estate.   The defendants cannot, under such circumstances, defend upon the ground that it was not her individual estate.   A married woman has a right to borrow money for herself.   What she does with the money after she borrows it is no concern of the lender.   If the lender knows that the money is borrowed for the husband, or to be used for his estate, then recovery cannot be had.   *Shaw* v. *Fortine*, 98 Mich. 254; *Martin* v. *Roberts*, 30 Hun, 255; *Wilder* v. *Richie*, 117 Mass. 382. We said in *Feather* v. *Feather's Estate*, 116 Mich. 384: "She [a married woman] may borrow money if she borrows it on her own account."   A question of fact was raised which belonged to the jury, and not to the court.

Judgment reversed, and new trial ordered.

The other Justices concurred.