WINNETT *v.* DETROIT UNITED RAILWAY.

1. EVIDENCE—BOOKS—STREET RAILWAYS—PERSONAL INJURIES.
   Books of a street railway corporation in which a record of accidents is kept are not admissible to show that no accident was reported by the conductor or motorman and no record of it appeared, for the purpose of proving that an injury did not take place as plaintiff claimed.

2. SAME.
   Testimony to establish the correctness and accuracy of such books was necessary to render them admissible, even if they were otherwise competent.

8. HUSBAND AND WIFE—MARRIED WOMEN—DAMAGES.
   Plaintiff, a married woman, was entitled to recover the cost of her physician's services, in a personal injury case, having been separated from her husband more than four years, during which she had supported herself, while the husband had resided outside the State, having had nothing to do with hiring the physician.

Error to Wayne; Donovan, J.   Submitted November 21, 1911.   (Docket No. 155.) Decided October 1, 1912.

Case by Catherine Winnett against the Detroit United Railway for personal injuries.   Judgment for defendant, plaintiff brings error.   Reversed.

*Corliss, Leete & Joslyn* (*A. B. Hall,* of counsel), for appellant.

*Thos. J. Mahon,* for appellee.

Bird, J. The plaintiff claims she was injured while leaving one of defendant's cars at or near the intersection of Woodward and Willis avenues, in the city of Detroit. The car stopped, in response to her signal, to permit her to alight, but started again while she had one foot on the car step. She clung to the railing for a short distance, when her hold was broken, and she fell to the pavement with such force that she was seriously injured. It was late in the evening, and no one seems to have witnessed the occurrence. Neither the conductor nor motorman had any recollection or knowledge of such an incident. The case was submitted to a jury, and they found for the defendant. The plaintiff claims that several errors made by the trial court were responsible for the verdict.

Defendant produced Mrs. Mell McDonald as a witness, who was permitted, against plaintiff's objection, to give the following testimony:

"I am employed by the Detroit United Railway in the claim department. I have charge of the records of the accidents that happen and the claims made.

"*Q.* Have you searched your files for any claim, or for any report of the conductor or motorman, in the case of Mrs. Catherine Winnett, which is alleged to have happened on the 11th of August, 1909? (Objected to as irrelevant, immaterial, and incompetent.)

"*The Court:* You can say 'Yes' or 'No.'

"*A.* Yes, sir. (Note an exception.)

"*Q.* Have you found any report of any accident on that day in any case of car No. 1713 and in the case of Catherine Winnett? (Objected to as incompetent, irrelevant, immaterial. What the conductor and motorman reported to the company cannot bind the plaintiff.)

"*The Court:* Say 'Yes' or 'No.'

"*Mr. Mahon:* I take an exception.

"*A.* No; I have not found any such report."

Plaintiff's counsel argues that this testimony was negative testimony, and was neither relevant nor competent, and that it was especially harmful, because plaintiff's case depended almost wholly upon her own testimony. This testimony was obviously admitted for the purpose of showing that the accident did not occur as detailed by the plaintiff. The fact that defendant's books and records did not show that plaintiff filed a claim with the defendant before she brought suit was no evidence that the occurrence did not take place. She was under no obligation to make a claim before bringing suit; and, in view of the testimony of the motorman and conductor, the fact that its records failed to disclose any such occurrence was no evidence that it did not occur. As a general rule, private books and records are not evidence of what they do *not* contain. *Corner* v. *Pendleton,* 8 Md. 337; *Hyde* v. *Lookabill,* 66 Iowa, 453 (23 N. W. 920); *Scott* v. *Bailey,* 73 Vt. 49 (50 Atl. 557); *Roe* v. *Nichols,* 5 App. Div. (N. Y.) 472 (38 N. Y. Supp. 1100); *Sanborn* v. *Insurance Co.,* 16 Gray (Mass.), 448 (77 Am. Dec. 419); *Chadwick* v. *Chadwick,* 52 Mich. 545 (18 N. W. 350); 16 Cyc. p. 1120.

Such evidence is admissible, with reference to public records, where the law requires certain entries to be made, and in cases where an instrument is required to be recorded in order to be effective. The rule has been relaxed with reference to private books and papers, but only in exceptional cases. *Doolittle* v. *Gavagan,* 74 Mich. 11 (41 N. W. 846); *People* v. *Kemp,* 76 Mich. 410 (43 N. W. 439). But it would, indeed, be a strange rule of evidence which would admit a private book or record to show that an event did *not* take place, when the witnesses upon whom the record depended for its existence and accuracy could be and were present in court as witnesses.

Even if the testimony were admissible as an exception to the general rule, the proper foundation was not laid for its admission. The motorman and conductor testified that it was the custom to report all accidents at the office;

and the witness McDonald testified that she had charge of the record of accidents. There was no proof as to how or when the record was made, or by whom it was made; and no showing was made bearing upon its accuracy. This testimony of the witness McDonald, as it came in, had the appearance of having some cogency, and was well calculated to mislead the jury. Its admission was undoubtedly harmful to plaintiff's case, and the objection to it should have been sustained.

Complaint is also made because the trial court denied plaintiff the right to recover for medical services on account of her being a married woman. Plaintiff testified that she was a married woman, but that she had been separated from her husband over four years; that during that time she had, with the help of her daughter, supported herself; and that her husband was a resident of the city of Chicago. It did not appear that her husband had anything to do with the employment of the physicians who treated her injuries. A fair inference from the testimony is that she employed them herself. We are of the opinion that this case is ruled by *Lammiman* v. *Railway Co.*, 112 Mich. 602 (71 N. W. 153), and that the trial court was in error in holding that she could not recover for medical services. Other errors are assigned; but, as it is unlikely that they will arise on a retrial, they will not be considered.

The judgment of the trial court is reversed, and a new trial ordered.

MOORE, C. J., and STEERE, McALVAY, and BROOKE, JJ., concurred.