## SIBERT *v.* DETROIT UNITED RAILWAY.

1. WITNESSES—CREDIBILITY—QUESTION FOR JURY.
   The credibility of witnesses is a question for the jury.

2. EVIDENCE—ADMISSIBILITY.
   In an action by a passenger against a street railway company to recover for personal injuries, evidence as to whether a witness for defendant in his search of the reports on file found any report of the accident is inadmissible.

3. TRIAL—REMARKS BY COUNSEL—EVIDENCE—ADMISSIBILITY.
   In an action by a passenger against a street railroad company for personal injuries, it is improper for counsel for the defendant to tell the jury that no report was made of any such accident to defendant by the crew, as evidence to such effect would be inadmissible if offered.

4. SAME—CONDUCT OF COURT—EXPERT WITNESSES.
   Where the cross-examination of a medical witness for plaintiff, in an action against a street railway company

for personal injuries was, in some respects, of very doubtful propriety, the trial court committed error in expressing impatience at objections to the cross-examination of the witness and informing the jury that the mere fact that the physician possessed special knowledge did not warrant giving credence to his testimony, and emphasizing the right of cross-examination and credibility of witnesses.

5. STREET RAILWAYS—PERSONAL INJURIES—NEGLIGENCE—INSTRUCTIONS.

In an action by a prospective passenger against a street railway company for personal injuries alleged to be due to her hold upon the car and her clothing catching in the door of a folding step car, upon its being closed as she attempted to board the car, and her being dragged some distance, the contributory negligence of the plaintiff was involved warranting an instruction on the subject, where plaintiff testified that the conductor shut the door in her face, while she had one foot on the step, and rang the bell for the car to move, and then described what immediately occurred, involving her position, her actions, as well as the movement of the car, and the result.[1]

Error to Wayne; Brown, J., presiding. Submitted April 11, 1917. (Docket No. 147.) Decided September 27, 1917.

Case by Catherine Sibert against the Detroit United Railway for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed.

*Clarence P. Milligan,* for appellant.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellee.

OSTRANDER, J.   Plaintiff claims, and offered testimony to support the claim, that, accompanied by her

[1]For authorities discussing the question of duty to, and negligence of, passenger who attempts to board car when door or gate is closed, see note in 7 L. R. A. (N. S.) 603.

On the question of negligence of passenger in getting on or off a moving street car, see notes in 38 L. R. A. 786; 30 L. R. A. (N. S.) 270.

daughter, she attempted to board one of defendant's cars, as a passenger, had placed one foot upon the step of a folding step car, when the doors were closed, the step folded, and by reason of some of her clothing catching in the door, or on the car, and her hold upon the car, she was dragged a distance, thrown to the pavement, and injured. No one precisely disputed her testimony. The defense, which was good enough to secure a verdict of the jury for defendant, may be described as based: (1) Upon the improbability of the story told by plaintiff and her daughter; (2) lack of corroborating testimony; (3) the conduct of the counsel for defendant; and (4) the aid unconsciously given the defendant by the court.

The improbability of the story told by plaintiff and her daughter, and the lack of corroborating testimony, were, of course, matters for the jury to consider. It is not, I think, impossible that plaintiff may have been injured in the way described by her and her daughter. But counsel for the defendant, by his own statements and otherwise, sought to and did acquaint the jury with the fact that no report of any such accident was made to defendant by the crew of the car. In his opening statement to the jury, and by other statements made in the presence of the jury, over repeated objections, he placed before the jury, not by the testimony of any witness, but by assertion, the fact that no report of the alleged injury had been made to the defendant. In *Winnett* v. *Railway,* 171 Mich. 629 (137 N. W. 539, Am. & Eng. Ann. Cas. 1914B, 1254), it was held that the books of this defendant are not admissible in evidence to prove that no accident was reported and no record of any appeared for the purpose of proving that an injury was not received as plaintiff claimed. This rule was not only disregarded in the repeated assertions made by counsel for defendant, but he asked a witness the question:

"Did you in your search of the report which you keep on file find any report of any accident of car No. 915 on the crosstown line at Forest and Hastings, or any other place?"

Upon objection being made, counsel stated:

"If counsel will object to it, I will not insist."

The plaintiff produced as a witness a physician, who testified that he attended her on the day in question, and thereafter, and found evidence of certain injuries to her person. Connected with the testimony of plaintiff, his testimony tended to prove that on the occasion in question plaintiff did suffer considerable injury. This witness was not offered as an expert, but as one having knowledge of material facts. Upon his cross-examination, questions were asked him which involved the insinuation, if not the charge, that he and the attorney for plaintiff were engaged, one as lawyer and one as physician, in bringing and in trying cases like the one at bar. Some of his cross-examination was of very doubtful propriety. It tendered no distinct issue and placed the witness at disadvantage. For some reason the trial judge apparently became impatient of objections made by counsel for plaintiff to questions asked this witness on the cross-examination, and, stopping counsel, he delivered a discourse which, in my opinion, was calculated in the time it was delivered, and in the matter of it, to prejudice the plaintiff. The point can be understood by repeating here the statement made by the court:

"Wait a minute! Simply because he asks questions is no reason why you should interpose an objection. That is more an interruption. This is a proper examination. If this witness has had relations with the attorney here in any other case, and if the testimony given in this case bears upon his testimony and extent of his recollection, it is proper, perfectly proper that this jury should know it, and take it into consideration —his testimony. This witness comes here as a doc-

tor, as an expert, and as an expert his testimony is weighed just like the jury weighs the testimony of the most humble witness, and there is no truth or credence to be given to his testimony simply and solely because he comes as a doctor or professional man. That of itself is not considered by you in weighing the testimony. Just because a man says, 'I am a doctor,' that in itself ought not to overawe you. Use your common sense and say, 'Is that fellow telling the truth?' Just the same as if he said he was shoveling coal into a furnace. You say, 'Was he telling the truth,' and you consider his testimony in the same manner as the testimony of any other witness. If he has falsified; if he shows he has interest in the case; is prejudiced or biased in his testimony—those things may be found in the testimony of witnesses, and if you find them you have a right to reject the witness' testimony, and counsel has a right to show you, not only a right, but it is his duty to do it in any case. When a witness comes into court, counsel, in accordance with the rules of evidence if they are doing their duty by their client on either side, are bound to show you where the testimony is that is reliable, and where the testimony is, if any, that is not reliable as you view it, it is for you to say if you find anything in it at all that is entitled to any consideration. I want to say that now so you will understand. You are taking testimony, and in no case just because a man claims to have special knowledge, does his claim alone add truth. Special knowledge as a matter of common knowledge may add truth; it may aid in getting at the truth. I am saying that quite emphatically because I want to be understood. I want you to understand the situation in this and all cases where you are jurymen. That is the rule in determining the evidence and its truthfulness, evidence that weighs in your minds, and it is the evidence that weighs and rings with truthfulness that carries conviction, and the other kind of evidence, if any, does not carry conviction. The evidence must be weighed by you to determine the value."

I am impressed, for the reasons stated, that the plaintiff did not have a fair trial, and that a new trial ought to be awarded.

It is insisted by plaintiff that the question of her contributory negligence was not involved, for which reason it was error for the court to instruct the jury upon that subject. Upon the whole case, and especially upon the testimony for the plaintiff, the question was involved. A person offering herself as a passenger upon a street car is not usually relieved from all duties in the premises. Plaintiff says the conductor shut the door of the car in her face, while she had one foot upon the step, and rang the bell for the car to move. She describes what then immediately occurred, involving her position, her actions, as well as the movement of the car, and the result. It cannot be said, as matter of law, that the duty to save herself injury did not at once arise, a duty measured by conditions as they appeared to her to be.

The judgment is reversed, and a new trial ordered.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.