BLOCK *v.* KELSEY.

1. HUSBAND AND WIFE—LIABILITY OF WIFE FOR WORK ORDERED BY HER—ESTOPPEL.

A married woman who ordered work done on "her house," and, when asked as to her ability to make payment, said that she rented rooms, and that her house was always filled, is estopped to deny liability on the ground that the house is owned by her and her husband by the entireties.

2. SAME—ACTION—ASSUMPSIT—TORT.

In an action in assumpsit against a married woman for work done on a house which she represented to be hers, but which in fact is owned by her and her husband by the entireties, defendant's contention that if the right to recover be dependent upon the representation, the action should have been brought in tort, is without merit; the action not being based upon the misrepresentation.

3. ESTOPPEL—PLEADING—PLAINTIFF NOT CHARGEABLE WITH NOTICE OF DEFENSE UNTIL PLEA AND NOTICE FILED.

Plaintiff is not required to plead estoppel, where it became important only in view of the defense, of which he was not chargeable with notice until defendant's plea and notice were filed.

[1]Husband and Wife, 30 C. J. § 403; [2]Actions, 1 C. J. § 142; [3]Estoppel, 21 C. J. § 248.

Case-made from Calhoun; North (Walter H.), J. Submitted April 26, 1927. (Docket No. 68.) Decided June 6, 1927.

Assumpsit in justice's court by Walter L. Block, doing business as the Block Decorating Company, against Martha C. Kelsey for labor performed and material furnished. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*James M. Powers,* for appellant.

*James H. & John A. Mustard,* for appellee.

SHARPE, C. J. This case was tried before the circuit judge without a jury. A request for findings of fact and conclusions of law was filed. The trial court filed an opinion, which will be treated as a compliance with the request. Plaintiff's claim is for work done and material furnished incident to decorating a house in the city of Battle Creek. The plaintiff testified, and the court found the fact to be, that defendant ordered the work to be done on and the material furnished for "her house;" that she asked for credit; that when asked as to her ability to make payment she said that she rented rooms, and that her house was always filled. He also testified that he did not at that time know that defendant had a husband; that he had on a former occasion extended credit to her, and that she had paid the account. The court also found, as requested by the defendant, that at the time the indebtedness was incurred the defendant was a married woman, living in the house on which the work was done with her husband; that the husband was present when the work was being done, and that the property was owned by them by the entireties. It does not appear that plaintiff visited the premises while the work was in progress. The trial court held as a

matter of law that plaintiff was entitled to recover, and entered judgment for the amount of his claim. The defendant reviews by case-made.

The findings of fact are supported by the evidence. The conclusion of law reached by the trial court finds ample support in *Lempke* v. *Felcher*, 115 Mich. 37. The holding in that case was tersely stated in *Re De Spelder's Estate*, 181 Mich. 153, 163, as follows:

"In *Lempke* v. *Felcher*, 115 Mich. 37, defendant, a married woman, was held liable upon her express promise to pay for the work and services of plaintiff upon her husband's property, and the court charged the jury that if the defendant represented that she was the owner of the property she would be estopped from setting up the fact that it was not her property."

Both of these cases were cited with approval in *Fox* v. *Schumann*, 191 Mich. 331, 335.

Defendant contends that, if the right to recover be dependent upon the representation, the action should have been brought in tort; that the evidence was not admissible in an action in assumpsit. The *Lempke Case* and the *Fox Case* were actions in assumpsit. The *De Spelder Case* involved a claim against an estate. Plaintiff's claim is not based upon the misrepresentation. Its effect is to estop defendant from setting up as a defense that the property on which the work was done, and for which the material was furnished, did not belong to her individually.

It is urged that, if plaintiff relied on an estoppel, it should have been pleaded. The representation became important only in view of the defense, and of that plaintiff was not chargeable with notice until defendant's plea and notice were filed.

The judgment is affirmed, with costs to plaintiff.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.