## OBERG v. HONKAVAARA.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Evidence and all legitimate inferences to be drawn therefrom must be viewed in the light most favorable to plaintiff on defendant's appeal from judgment entered on a jury verdict, wherein defendant seeks a judgment *non obstante veredicto*.

2. HUSBAND AND WIFE—VENDOR AND PURCHASER—SEPARATE ESTATE OF WIFE—EVIDENCE.

Defendant, as survivor of herself and husband, was estopped to deny that conveyance by plaintiff to defendant and her late husband as tenants by the entireties was not for her own separate estate, where it appears that negotiations were carried on by defendant herself, the deed was drawn by defendant's attorney, plaintiff had intended to convey to defendant and latter agreed to pay the purchase price for which action was brought.

3. SAME—SEPARATE ESTATE OF WIFE—EVIDENCE.

Defendant widow, as survivor of herself and husband, grantees in deed from plaintiff to them as tenants by the entireties, was liable for purchase price of realty, where there was evi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 944.
[2, 3] 26 Am Jur, Husband and Wife § 181.

dence from which the jury who found for plaintiff, a 78-year-old widow, could find that she had intended to make the sale to defendant herself in the first place and, by her conduct, was estopped to deny that it had been.

Appeal from Houghton; Brennan (Leo J.), J. Submitted June 2, 1953. (Docket No. 18, Calendar No. 45,700.) Decided October 5, 1953.

Action by Mary Oberg against Esther Honkavaara for balance of sale price of real estate. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Messner & LaBine,* for plaintiff.

*Joseph M. Donnelly (John R. Ryan,* of counsel), for defendant.

Dethmers, C. J. Defendant appeals from judgment entered upon a jury verdict for plaintiff in her suit to recover the sum allegedly due her as the purchase price of a house and lot sold by her to defendant. Defendant seeks reversal and remand with directions to grant her motion for judgment *non obstante veredicto.*

Plaintiff executed and delivered to defendant a deed which named as grantees the defendant and her then husband (since deceased) as tenants by the entireties. Defendant contends that she is not personally liable, as a matter of law, on her alleged promise to pay because it had no reference to nor did it benefit her separate estate. Cited in support thereof are *Doane* v. *Feather's Estate,* 119 Mich 691; *Speier* v. *Opfer,* 73 Mich 35 (2 LRA 345, 16 Am St Rep 556); *In re Estate of Lucas,* 272 Mich 1; *Jarzembinski* v. *Plodowski,* 225 Mich 104; *Duncan* v. *Kirker,* 252 Mich 353; and *Ehinger* v. *Fiske,* 261 Mich

240. These cases state and adhere to the common-law rule of coverture and disability of married women. PA 1917, No 158, as amended (CL 1948, § 557.51 *et seq.* [Stat Ann § 26.181 *et seq.*]), abrogating in part the common-law disability of married women and enabling them to bind themselves with their husbands so as to extend liability to their property held by the entireties, is not applicable here because the alleged obligation of defendant was not evidenced by a written instrument.

Under the circumstances of this case, the evidence and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to plaintiff. So viewed, it appears that all negotiations by plaintiff for the sale of the house were conducted with defendant, not with her husband; that plaintiff made the agreement to sell with defendant and agreed to sell to her; that the deal was with defendant and that she alone, not her husband, agreed to pay the purchase price; that at the time of the transaction plaintiff was a 78-year-old widow without previous experience in business dealings; that she was taken by defendant and defendant's husband to the office of the latter's attorney where the husband handed the attorney a blank form deed to be made out; that the husband carried on all the conversation with the attorney, asked him to fill out the form and gave the instructions in connection therewith. It appears that plaintiff intended to convey to defendant and there is nothing in the evidence to indicate that she was aware of the fact that the deed was being made out, not to defendant alone, but in favor of defendant and her husband, by the entireties. It was plaintiff's position before the jury and here that, under such a set of facts, defendant's husband did not become obligated at all, that defendant alone assumed the obligation, that plaintiff had a right to assume and defendant is estopped to deny

that the conveyance was solely for the benefit of defendant's separate estate and that, therefore, defendant cannot defend on the ground that it was not for her separate estate. Plaintiff's contention finds support in *June* v. *Labadie,* 138 Mich 52; *Lempke* v. *Felcher,* 115 Mich 37; *In re DeSpelder's Estate,* 181 Mich 153; *Block* v. *Kelsey,* 239 Mich 354; *Greening* v. *Wallace,* 257 Mich 343. We are in accord therewith.

Affirmed, with costs to plaintiff.

Adams, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.

Boyles, J., did not sit.